[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 22, 2003
THOMAS K. KAHN
CLERK

———————————————

No. 03-10026
Non-Argument Calendar

———————————————

D.C. Docket No. 02-00329-CV-RWS-1

ADRIAN BROWN,

Plaintiff-Appellant,

versus

GEORGIA BOARD OF PARDONS & PAROLES,
WALTER RAY, Chairman,

Defendants-Appellees.

———————————————

Appeal from the United States District Court for the
Northern District of Georgia

———————————————

(May 22, 2003)

Before ANDERSON, BLACK and HULL, Circuit Judges.

PER CURIAM:

Appellant Adrian Brown is a pro se state prisoner serving a life sentence for

murder since 1983. Brown filed this § 1983 action, claiming that the retroactive

application of a new Georgia parole policy violated the Ex Post Facto Clause of the United States Constitution. The district court dismissed Brown's § 1983 complaint as untimely. After review, we affirm.

## I. BACKGROUND

On January 10, 1983, Brown was convicted of murder and sentenced to life imprisonment. When Brown committed his crime, the Georgia Parole Board's ("Parole Board" or "Board") rules required that the Board initially consider a life-term inmate for parole after serving seven years of his life sentence. If the Board denied an inmate parole at this initial hearing, the rules required that the Board thereafter reconsider its parole decision every three years.

In November 1989, the Parole Board first considered Brown for parole. The Board denied Brown parole, and scheduled Brown's next parole hearing for September 1997 pursuant to a new Board policy requiring the Board to reconsider parole only every eight years.

In 1991, this Court held that the Board's change in the parole reconsideration policy violated the Ex Post Facto Clause. Akins v. Snow, 922 F.2d 1558, 1565 (11th Cir. 1991) (overruling recognized in Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir. 2002)). As a result of this decision, the Parole Board

2

reconsidered Brown's parole in 1992. Parole was denied and reconsideration was scheduled for September 1995.

Before the Board reconsidered Brown for parole in 1995, the Supreme Court issued California Dep't of Corr. v. Morales, 514 U.S. 499 (1995). Morales upheld a California statute amending parole procedures that decreased the frequency of parole reconsiderations. Shortly after Morales, the Georgia Parole Board approved a new policy in June 1995, providing that persons under life sentences, who were denied parole, could have their reconsiderations set-off for up to eight years. Furthermore, the policy was made retroactive and applied to prisoners such as Brown.

The Board again denied Brown parole in 1995, and rescheduled Brown's next reconsideration for September 2000 pursuant to the new 1995 policy allowing reconsideration set-off for up to eight years. Brown was informed of the parole denial and reconsideration date in a letter from the Board on September 29, 1995.

The Board reconsidered Brown for parole in April 2001, and denied Brown parole. The Board set September 2007 as the next parole hearing for Brown.[1]

---

[1]On appeal, Brown states that after he filed a motion for reconsideration of the date of his parole hearing, the Board extended the date of the hearing to January 2009.

On February 4, 2002, Brown filed this § 1983 action challenging the April 2001 Parole Board decision which scheduled his next reconsideration for more than three years away. Brown argued that the policy violated the Ex Post Facto Clause and sought to have the Parole Board ordered to reconsider him immediately for parole and to apply hereinafter the three-year reconsideration rule which was in effect at the time of his original conviction.

The district court granted the defendants' motion for summary judgment. According to the district court, Brown's § 1983 action was untimely because it was filed more than two years after the Parole Board changed its policy in 1995.

## II. DISCUSSION

On appeal, Brown argues that his complaint was dismissed improperly because the decision to delay his parole reconsideration until 2007 was either: (1) a continuing violation of his constitutional rights against Ex Post Facto laws; or (2) a separate and distinct injury from the original decision in 1995 to make the new Georgia Parole Board policy retroactive.

A. Continuing Violation

Brown's first argument is that the decision to delay his parole hearing until 2007 is a continuing violation of his constitutional rights against Ex Post Facto

laws.  The problem for Brown is that we rejected recently this argument in Lovett v. Ray, 327 F.3d 1181 (11th Cir. 2003).[2]

In Lovett, a Georgia state prisoner challenged the same Georgia parole policy at issue in this case.  Lovett, like Brown in this case, filed his § 1983 action more than two years after the Georgia Parole Board informed him of his new parole date.  The Lovett Court explained that "the critical distinction in the continuing violation analysis is whether the plaintiff complains of the present consequence of a one time violation, which does not extend the limitations period, or the continuation of that violation into the present, which does."  Id. at 1183 (citation, internal quotation marks, and internal alterations omitted).  This Court further stated that the decision "not to consider Lovett for parole again until 2006 was a one time act with continued consequences, and the limitations period is not extended."  Id. (internal alterations omitted).

We are bound by Circuit precedent and Lovett is directly on point as to the first argument.  Consequently, the decision to schedule Brown's parole hearing outside the three-year period in place at the time of his conviction does not fall under the continuing violation doctrine.

---

[2]We review de novo the district court's interpretation and application of the statute of limitations.  United States v. Gilbert, 136 F.3d 1451, 1453 (11th Cir. 1998).

B.    Separate and Distinct Injury

Brown also argues that the decision to set-off his parole reconsideration until 2007,[3] after the Georgia Parol Board denied him parole in 2001, constitutes a distinct and separate harm.  Therefore, according to Brown, the statute of limitations begins to run from the date he was informed that his parole reconsideration hearing would not be until 2007.  We disagree.

What Brown ignores is the fact that the statute of limitations begins to run from the date "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Rozar v. Mullis, 85 F.3d 556, 561-62 (11th Cir. 1996) (internal quotation marks and citation omitted).  For the purposes of this case, the operative phrase is "should be apparent."

It is undisputed in this case that the Georgia Parole Board informed Brown in 1995 that his parole reconsideration would not be until 2000.  At this point, Brown was aware that his parole reconsideration was being held outside the three-year maximum that was mandated by the Georgia Parole Board policy that was in place at the time he committed his crime.  It also "should have been apparent" to

---

[3]For the purposes of this opinion, it makes no difference whether Brown's next parole rehearing is in 2007 or, as he alleges on appeal, in 2009.

6

Brown at this time that future parole reconsiderations would be held outside the three-year period.

Each time Brown's parole reconsideration hearing is set, it does not amount to a distinct and separate injury. See, e.g., Smith v. Grubbs, 2002 WL 1481267, at *2 (10th Cir. July 11, 2002) (unpublished). Rather, Brown's injury, to the extent it ever existed, was when the Georgia Parole Board applied its new policy, eliminating the requirement of parole review every three years for Brown, retroactively. It is the decision in 1995 that forms a potential basis for Brown's claim. It was also at this point that Brown could have discovered the factual predicate of his claim. The successive denials of parole do not involve separate factual predicates and therefore do not warrant separate statute-of-limitations calculations. Because Brown did not file his claim within two years of the 1995 decision, his § 1983 action is untimely.

## III. CONCLUSION

For all the above reasons, we affirm the district court's decision.

AFFIRMED.