[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 31, 2006
THOMAS K. KAHN
CLERK

No. 05-14779
Non-Argument Calendar
_____

D. C. Docket No. 05-00042-CV-WTM-5

SYLVESTER LEE REYNOLDS, SR.,

Plaintiff-Appellant,

versus

CAPTAIN JOHN MURRAY,
AGENT KATHERN SPARK, A State
Drug Task Force Agent
in Alma, GA Bacon County,
AGENT COLBY MANNING, a State
Drug Task Force Agent
in Alma, GA Bacon County,
AGENT GREG PITTMAN, a State
Drug Task Force Agent in Alma,
GA Bacon Georgia
IRVIN PATRICK RAY, a Sheriff
in Effingham County Springfield,
GA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(January 31, 2006)**

Before ANDERSON, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Sylvester Lee Reynolds, Sr., appeals pro se the district court's decision to dismiss his 42 U.S.C. § 1983 complaint for failure to state a claim under 28 U.S.C. § 1915A(b)(1) after finding that his complaint was time-barred by the two-year Georgia personal injury statute of limitations. Reynolds' complaint alleges that the defendants illegally searched his home and seized his property.

On appeal he argues, among other things: (1) that no case law and nothing in section 1983 indicates that any statute of limitations bars his nominal damages claim, (2) that applying a two-year statute of limitations to his complaint is inconsistent with federal policies underlying section 1983; and (3) that his case is identical to Hughes v. Lott, 350 F.3d 1157,1163 (11th Cir. 2003), which he argues requires us to remand his claim for nominal damages even if he did file beyond the statute of limitations.

## I.

The district court's authority to dismiss Reynolds' complaint on its own motion is found in 28 U.S.C. § 1915A. That section directs the district court to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer," 28 U.S.C. § 1915A(a), in order to "identify

2

cognizable claims or dismiss the complaint, or any portion of the complaint" if it is, among other things, frivolous, malicious, or fails to state a claim upon which relief may be granted, § 1915A(b)(1).  See Leal v. Ga. Dep't of Corrections, 254 F.3d 1276, 1278-79 (11th Cir. 2001) (affirming section 1915A(b)(1) dismissal due to failure to state a claim where pro se prisoner's complaint was time-barred).  We review de novo a district court's § 1915A(b)(1) dismissal for failure to state a claim.  Id. at 1279.

Section 1983 has no statute of limitations of its own, and instead is governed in each case by the forum state's general personal injury statute of limitations. Owens v. Okure, 488 U.S. 235, 236, 109 S.Ct. 573, 574, 102 L.Ed.2d 594 (1989), (citing Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)). Reynolds' complaint was filed in Georgia, where the alleged violations of his rights occurred and where the general personal injury statutory limitation period is two years.  Ga. Code. Ann. § 9-3-33 (1982).

"Federal law determines when the statute of limitations begins to run." Lovett v.  Ray, 327 F.3d 1181, 1182 (11th Cir.  2003).  The period begins to run "from the date 'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" Brown v. Ga. Bd. of Pardons and Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003)

3

(quoting Rozar v. Mullis, 85 F.3d 556, 561-62 (11th Cir. 1996)).

"To dismiss a prisoner's complaint as time-barred prior to service, it must 'appear beyond a doubt from the complaint itself that [the prisoner] can prove no set of facts which would avoid a statute of limitations bar.'" Hughes, 350 F.3d at 1163 (quoting Leal, 254 F.3d at 1280). It is appropriate for a district court to dismiss a complaint as time-barred where the prisoner fails to identify "why the statute of limitations might be tolled in his case." Id. Georgia's tolling doctrines are set forth at Article five of Chapter three of Title nine of the Georgia code. See Ga. Code. Ann. § 9-3-90 through 99 (1982) (including tolling based on disability, absence of defendant from the state, and fraud).

## II.

The district court properly dismissed Reynolds' complaint. The actions that Reynolds alleges as the foundation of his claim, the search and seizure, were completed by some point in time prior to April 2001 when he pled guilty to possession of cocaine. His claim would have become apparent to a person with a reasonably prudent regard for his rights at some point prior to that date. He did not file his complaint until May 2005, which is roughly four and a half years after the search and seizure, a little over four years after he pled guilty, and three years after we affirmed his conviction. Using any of those events, Reynolds' complaint

4

was filed well beyond the two-year statute of limitations. At no time has Reynolds asserted that the period was tolled, and the record does not disclose any facts that would support tolling.

Reynolds' argues that he can receive nominal damages even if the statute of limitations bars other relief, but that is wrong. The statute of limitations bars his entire lawsuit; he cannot receive any damages, including nominal damages, under that suit. His argument that Georgia's statute of limitations conflicts with federal policy is also wrong, because federal policy embraces and incorporates state statutes of limitations. Finally, Reynolds' argument that he is entitled to a remand under our Hughes decision is also wrong. There was a remand in that case only because the district court failed to specify whether the dismissal was with or without prejudice; we remanded for it to do so. In this case the district court expressly stated that the dismissal was with prejudice.

**AFFIRMED**