[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 6, 2006
THOMAS K. KAHN
CLERK

No. 06-11103
Non-Argument Calendar

_____

D. C. Docket No. 05-00044-CV-JTC-3

MILTON ROSS,

Plaintiff-Appellant,

versus

OFFICER JOEY MICKLE,
LaGrange Ga. Police Department,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(September 6, 2006)**

Before TJOFLAT, ANDERSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Milton Ross, a Georgia state prisoner proceeding pro se, appeals the district

court's dismissal of his civil rights complaint for failure to state a claim under 28 U.S.C. § 1915A because the allegations were barred by the statute of limitations. We affirm the district court's decision for the reasons set forth below.

I.

Ross filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that LaGrange Police Department Officers Joey Mickle and Landy Mabry used excessive force when Mickle shot Ross in the back on March 21, 2002, resulting in his being confined to a wheelchair. He further alleged that the officers conspired to hide the truth of the events. Ross sought $25 million in compensatory damages and $50 million in punitive damages. The complaint was signed by Ross on May 18, 2005.

The district court conducted the required screening under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, and dismissed the case because it was barred by the statute of limitations, as it was filed more than two years after the alleged incident. The district court's order expressly noted that Ross's complaint "made no argument that the statute of limitations should be tolled or that he was under a disability that prevented him from timely filing his complaint."

Ross moved for reconsideration, explaining that due to his medical status, he

inadvertently mailed the complaint to state court, which he realized was a mistake when the complaint was returned to him on May 2, 2005. He claimed that he had filed the complaint forty-five days earlier. Ross also submitted an amended complaint with the motion for reconsideration, raising his claims under § 1983 and the Americans with Disabilities Act. The district court denied the motion, finding that even if Ross mistakenly mailed the complaint to state court, he had done so in March 2005, which would still make the complaint untimely. In his notice of appeal, for the first time, Ross explained that he did not know that he needed to argue that the limitations period should have tolled.

## II.

On appeal, Ross argues that the district court improperly dismissed his complaint because (1) he should have been permitted to amend his complaint prior to the sua sponte dismissal, and (2) the court failed to consider equitable tolling. According to Ross, had he been permitted to amend, he could have explained why he was entitled to tolling of the statute of limitations as a result of mental and physical limitations. Ross then alleges that the officers' conspiracy prevented him from learning of the violation and the proper defendants, thus extending the date on when his action accrued for statute-of-limitations purposes.

A district court's dismissal for failure to state a claim under 28 U.S.C.

§ 1915A is reviewed de novo, taking the allegations in the complaint as true. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (citation omitted).

> Under § 1915A, the district court must
>
> review, before docketing, . . . or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer . . . in order to identify cognizable claims or dismiss the complaint, or any portion of the complaint if it . . . fails to state a claim upon which relief may be granted.

28 U.S.C. § 1915A(a), (b)(1); *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001).

"To dismiss a prisoner's complaint as time-barred prior to service, it must 'appear beyond a doubt from the complaint itself that [the prisoner] can prove no set of facts which would avoid a statute of limitations bar.'" *Hughes*, 350 F.3d at 1163 (quoting *Leal*, 254 F.3d at 1280). Section 1983 has no statute of limitations, and the limitations period is governed by the forum state's general personal injury statute of limitations. *Owens v. Okure*, 488 U.S. 235, 236, 109 S.Ct. 573, 574, 102 L.Ed.2d 594 (1989). In Georgia, there is a two-year statute of limitations for personal injury actions. O.C.G.A. § 9-3-33 (1982). Federal law, however,

4

determines when the statute of limitations begins to run. *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003). The period begins to run "from the date the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (internal quotations and citation omitted).

Here, the district court properly dismissed the complaint. First, on its face, the complaint was filed outside the two-year limitations period. Although Ross asserts that he did not know that his claim had accrued until 2005 due to the conspiracy, that claim is without merit. Even if Ross could not identify the specific officers involved, he would have known that he was shot in the back by the police in March 2002, at the time of the incident. Thus, the claim began to accrue in 2002, and the complaint, filed in 2005, was untimely. Moreover, in his complaint, Ross did not plead any facts indicating why the limitations period should toll, nor did he raise the issue before the district court when he filed his motion for reconsideration and amended complaint.

Ross's argument that the district court should have sua sponte granted him leave to amend his complaint does not demand a different outcome. In *Wagner v. Daewoo Heavy Industries America Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en

5

banc), this court held that a district court was not required sua sponte to grant a counseled party leave to amend his complaint when no motion to amend was filed. We recognize that the applicability of the *Wagner* rule to pro se plaintiffs remains an open question, but we need not resolve it here. Even if we were to hold that *Wagner* does not extend to pro se plaintiffs, the district court still would have properly dismissed Ross's complaint without leave to amend because amendment would have been futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004) (holding that "denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal"). It was clear on the face of Ross's complaint that it was filed out-of-time and there were no facts in the complaint indicating that Ross could avoid the statute-of-limitations bar. Moreover, Ross submitted an amended complaint with his motion to reconsider that also failed to plead any facts that could have alerted the court to the possibility of a tolling argument, even after the district court in its order of dismissal explicitly stated that Ross's complaint "made no argument that the statute of limitations should be tolled or that he was under a disability that prevented him from timely filing his complaint." As a result, the district court did not err in failing to grant Ross leave to amend his complaint, and accordingly, we AFFIRM the district court's dismissal of this action.

AFFIRMED.