[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 7, 2007
THOMAS K. KAHN
CLERK

No. 06-12978
Non-Argument Calendar
_____

D. C. Docket No. 03-00361-CV-T-27-EAJ

DARRYL WILLIAMS,

Plaintiff-Appellant,

versus

CITY OF TAMPA POLICE DEPARTMENT,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 7, 2007)**

Before DUBINA, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Darryl Williams, a prisoner proceeding *pro se*, appeals the dismissal of his

42 U.S.C. § 1983 complaint as barred by the statute of limitations period. Williams contends the district court erred when it found his § 1983 action was time-barred. We affirm the district court.

Williams asserts the court erred when it used the date of entry of his forfeiture order as the statute of limitations accrual date instead of the date he became aware of the alleged violation. He alleges, for the first time on appeal, he was not aware of the conclusion of forfeiture proceedings "until just before [he] filed his Motion for Summary Judgment against the City of Tampa Police Department on August 5, 2001." He asserts with an accrual date of sometime in August 2001, the statute of limitations period did not expire until August 2005, and thus his claim filed on February 23, 2003 was timely.

We review dismissals under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim *de novo* and treat all allegations in the complaint as true. *Kyle K v. Chapman*, 208 F.3d 940, 942 (11th Cir. 2000). Section 1983 has no statute of limitations of its own, and instead is governed in each case by the forum state's general personal injury statute of limitations. *Owens v. Okure*, 109 S. Ct. 573, 574 (1989). Williams filed his claim in Florida, where the statute of limitations period in personal injury actions is four years. *See* § 768.28(14), Fla. Stat.

While state law determines the applicable statute of limitations, "[f]ederal law determines when the statute of limitations begins to run." *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003). The statute of limitations accrues "from the date the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (quotation omitted).

As an initial matter, Williams' allegation, for the first time on appeal, that he learned of the conclusion of forfeiture proceedings just prior to his 2001 motion for summary judgment in state court was not in the record before the district court. *See Narey v. Dean*, 32 F.3d 1521, 1526-27 (11th Cir. 1994) (stating general rule that appellate court will not consider issue or theory not raised before district court). Regardless, this allegation is not determinative because the district court correctly imputed constructive, rather than actual, knowledge of the violation to Williams. Therefore, the proper inquiry is into when the facts supporting a claim should have been "apparent to a person with a reasonably prudent regard for his rights." *Brown*, 335 F.3d at 1261.

A person with a reasonably prudent regard for his rights in Williams' position should have been aware his property had been forfeited after his federal conviction, on July 10, 1997. At that time, he would have been aware his property

3

had been seized, forfeiture proceedings had begun, and any evidentiary value of the property had been exhausted. Therefore, the accrual of the statute of limitations for the alleged due process violation began no later than the time of his conviction on federal charges, more than four years before Williams filed the instant claim. Williams filed suit more than four years after the statute of limitations for the cause of action accrued, and the district court did not err in dismissing his § 1983 claim as time-barred.

**AFFIRMED.**