[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13713
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 31, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:10-cv-00034-LGW-JEG

HECTOR INTERIAL,

Plaintiff-Appellant,

versus

M.D. M. CHIPPI,
Officers and employees of the
United States Department of Justice,
P.A. MIGUEL A. TORRADAS,
Officers and employees of the
United States Department of Justice,
M.L.P. F. ADAIR,
Officers and employees of the
United States Department of Justice,
BUREAU OF PRISONS,
With their official duty station at F.C.I. Jesup,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(May 31, 2011)

Before MARCUS, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Hector Interial, a prisoner proceeding pro se, appeals the sua sponte dismissal of his Bivens action as untimely. On appeal, Interial argues that the district court erred by dismissing his complaint rather than tolling the statute of limitations by applying the continuous treatment doctrine. After thorough review, we affirm.

We review the district court's interpretation and application of the statute of limitations de novo. Brown v. Georgia Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 n.2 (11th Cir. 2003). Pursuant to § 1915A, district courts are required to screen civil complaints filed by prisoners against governmental entities or employees, and dismiss any portion of the complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Dismissal of a prisoner's complaint as time-barred is appropriate if it appears beyond a doubt from the complaint itself that the prisoner cannot avoid a statute of limitations bar. Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003).

Actions brought under Bivens are subject to the statute of limitations governing personal injury actions in the state where the claim has been brought. Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir. 1996). Interial brought his claim in Georgia, where the governing limitations period for personal injury claims is two years. O.C.G.A. §

2

9-3-33; M.H.D. v. Westminster Sch., 172 F.3d 797, 802-03 (11th Cir. 1999). Pursuant to federal law, a cause of action accrues, and thereby sets the limitations clock running, when "the facts which would support a cause of action are apparent or should be apparent" to a reasonably prudent person. Brown, 335 F.3d at 1261.

Under the continuous treatment doctrine, "'a plaintiff's cause of action does not accrue until the tortious continuing treatment ends, even if the plaintiff is aware of the facts constituting negligence before that time.'" McCullough v. United States, 607 F.3d 1355, 1361 (11th Cir. 2010) (quoting Wehrman v. United States, 830 F.2d 1480, 1483 (8th Cir. 1987)). "However, neither the Eleventh Circuit nor the former Fifth Circuit has specifically adopted the continuous treatment doctrine." Id.

We are unpersuaded by Interial's claim that the district court erred by dismissing his complaint. Indeed, viewing the allegations in Interial's complaint as true, the alleged conduct of which he complains commenced on or about June 16, 2005, the date on which Interial first sought treatment for chest pain and shortness of breath, and continued until approximately August 5, 2005, the date on which Interial had triple bypass surgery. However, the Bivens complaint in this case was not filed until February 16, 2010. By August 5, 2005, Interial was aware of the facts that form the basis of his complaint, and thus, the applicable statute of limitations required him

3

to file his complaint on or before August 6, 2007, in order to be considered timely filed. Instead, Interial filed his complaint more than two and a half years later.

Nor is the statute of limitations tolled under the continuous treatment doctrine, as this court has not adopted the continuous treatment doctrine. See McCullough, 607 F.3d at 1361. However, even if we were to adopt the continuous treatment doctrine, it still would not save Interial's claim. The doctrine states that a "cause of action does not accrue until the tortious continuing treatment ends," id., but Interial has not alleged any tortious treatment by the defendants after August 2005. Thus, the two-year statute of limitations started to run in August 2005, and Interial's claim would still be time-barred. Accordingly, we conclude that the district court did not err in determining that the applicable statute of limitations barred Interial's claim.

**AFFIRMED.**