[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10114
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 3, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-04023-CAP

CARLOS GARZA,

Plaintiff-Appellant,

versus

T. SCOTT HUDSON,
U.S. Probation Office, Atlanta, GA,
WILLIAM H. THOMAS, JR., Assistant U.S. Attorney,
WILLIAM A. MORRISON, Attorney at Law,
BEVERLY B. MARTIN,
Judge,
PHILLIP JACKSON,
Inmate Systems Manager, Supervisor, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 3, 2011)

Before MARCUS, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Carlos Garza appeals pro se the district court's dismissal of his civil rights action, brought pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), as time-barred. Garza's civil rights complaint, filed on December 7, 2010, arises out of information contained in his Presentence Investigation Report ("PSI") compiled in 2004, which says that Garza is a Mexican national and not, as he claimed, a United States citizen. On appeal, Garza alleges error by the district court in its dismissal of his complaint as untimely because while he could have filed his civil rights complaint upon the exhaustion of his administrative remedies in August 2006, he should not have been expected to file his complaint until the dispute regarding his nationality was resolved and his status corrected. After careful review, we affirm.

The district court's interpretation and application of the statute of limitations are reviewed de novo. Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 n.2 (11th Cir. 2003).

A Bivens action is governed by the same statute of limitations that governs a complaint brought pursuant to 42 U.S.C. § 1983. Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir. 1996). Georgia places a two-year limitations period on personal injury

actions, which is applicable to both § 1983 and <u>Bivens</u> claims. <u>Id.</u> A cause of action accrues, and thereby sets the limitations clock running, when "the facts which would support a cause of action are apparent or should be apparent" to a reasonably prudent person. <u>Brown</u>, 335 F.3d at 1261 (quotation omitted). Generally, this will be at the point at which the plaintiff knew or had reason to know that an injury had been inflicted and by whom. <u>Rozar v. Mullis</u>, 85 F.3d 556, 562 (11th Cir. 1996). In those cases in which the statute of limitations had expired prior to filing, a dismissal for frivolity is warranted and the court need not wait for the limitations issue to be raised in a defensive pleading if the issue is apparent on the face of the complaint. <u>Clark v. Ga. Pardons & Paroles Bd.</u>, 915 F.2d 636, 640-41 n.2 (11th Cir.1990).

In this case, the district court correctly dismissed Garza's complaint as time-barred. The district court's determination that Garza's cause of action had accrued by no later than August 29, 2006 -- the date his last appeal to the Bureau of Prisons regarding changing his citizenship status in his PSI was concluded -- is not disputed by Garza in his brief. Garza did not file his complaint until December 7, 2010, more than a year after the expiration of the statute of limitations period.

The fact that Garza sought to resolve the dispute about his citizenship status before filing his complaint was not sufficient to toll the limitations period. There were no "extraordinary circumstances" preventing Garza from timely filing, nor does

3

Garza allege any on appeal, and therefore the application of equitable tolling of the limitations period would not be appropriate. See Arce v. Garcia, 434 F.3d 1254, 1261 (11th Cir. 2006) (quotation omitted). The continuing violation doctrine also does not apply here to save Garza's complaint. Assuming arguendo that any harms resulted from the dispute over his citizenship, those harms occurred no later than the date on which Garza exhausted his administrative remedies, August 29, 2006. The fact that any alleged consequences from those harms may have carried over into the future did not serve to extend the limitations period. See Lovett v. Ray, 327 F.3d 1181, 1183 (11th Cir. 2003) ("The critical distinction in the continuing violation analysis . . . is whether the plaintiff[ ] complain[s] of the present consequence of a one time violation, which does not extend the limitations period, or the continuation of that violation into the present, which does.") (quotation omitted). Accordingly, we affirm.

**AFFIRMED.**