[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15085
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 18, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:08-cv-03910-CC

DONALD JONES,

Plaintiff - Appellant,

versus

UNION CITY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 18, 2011)

Before WILSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Donald Jones, proceeding *pro se*, appeals the district court's order granting summary judgment to the defendant, Union City.[1]  Jones sued the city in December 2008, alleging several 42 U.S.C. § 1983 claims after an officer attempted to retrieve a woman's bag from his apartment in November 2004, and Jones allegedly locked the officer inside and would not allow him to leave.  After a brief struggle, officers arrested Jones, but the charges were eventually dismissed.  On appeal, Jones agues that the district court improperly granted summary judgment to the city on his claims of illegal search, excessive force, false arrest, and malicious prosecution, and that the district court judge improperly refused to recuse himself.  After review, we affirm.

We liberally construe *pro se* pleadings, *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).  We review *de novo* a district court's grant or denial of summary judgment, and consider facts in the light most favorable to the non-moving party.  *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836–37 (11th Cir. 2006).  We also review *de novo* the district court's interpretation and application of a statute of limitations.  *Ctr. for Biological Diversity v. Hamilton*, 453 F.3d

---

[1] While Jones designated the district court's denial of his post-judgment motion for reconsideration in his notice of appeal, he did not provide any argument in his brief regarding reconsideration.  Therefore, we will construe Jones's appeal as appealing the district court's order granting summary judgment to Union City.

1331, 1334 (11th Cir. 2006) (per curiam). We review a district court's denial of a recusal motion for an abuse of discretion. *In re Walker*, 532 F.3d 1304, 1308 (11th Cir. 2008) (per curiam).

## I.

The Supreme Court has held that the statute of limitations for § 1983 claims "is that which the State provides for personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387, 127 S. Ct. 1091, 1094 (2007) (citation omitted). The parties agree that Georgia law applies and that the statute of limitations is two years. O.C.G.A. § 9-3-33.

We have held that the statute of limitations for § 1983 claims begins to run when facts supporting the cause of action are or should be reasonably apparent to the claimant. *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (per curiam). False arrest claims brought pursuant to § 1983, where arrest is followed by criminal proceedings, accrue when the claimant is detained pursuant to a legal process. *See Wallace*, 549 U.S. at 391, 127 S. Ct. at 1097. A § 1983 claim for malicious prosecution arises where the plaintiff, as part of the commencement of a criminal proceeding, has been unlawfully and forcibly restrained in violation of the Fourth Amendment and, due to that seizure, injuries follow as the prosecution continues. *Grider v. City of Auburn, Ala.*, 618 F.3d

3

1240, 1256 (11th Cir. 2010).  Probable cause defeats a § 1983 malicious prosecution claim.  *Id.*

Jones's § 1983 claims of false arrest, illegal search, and excessive force are time-barred.  The facts supporting the claims arose and were known by Jones in November 2004, but he filed his claims in December 2008, more than two years later.  In addition, Jones did not plead the essential elements of a malicious prosecution claim because he did not claim he was injured by the prosecution or that the action lacked probable cause.

## II.

The district court did not abuse its discretion by denying Jones's motions for recusal.  Other than mentioning his recusal motions in his brief, and designating one of the motions in his notice of appeal, Jones does not provide any argument as to why recusal was necessary.  We find that there was no reason to believe that the district court's impartiality could have reasonably been questioned, and recusal was not warranted.

**AFFIRMED.**