[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11986
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-00529-ODE

THOMAS ALLEN,

Plaintiff-Appellant,

versus

DEKALB COUNTY JAIL'S MEDICAL
PROVIDERS/PRIVATE CONTRACTORS,
DEPARTMENT OF CORRECTIONS'
MEDICAL PROVIDERS / PRIVATE
CONTRACTORS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 22, 2016)

Before TJOFLAT, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Thomas Allen appeals the district court's dismissal of his claim of deliberate indifference towards his medical needs, pursuant to 42 U.S.C. § 1983, against Dekalb County Jail's medical providers and private contractors, and the Georgia Department of Corrections medical providers and private contractors. Allen asserts the district court erred in dismissing his complaint as barred by the statute of limitations and in denying his motion to amend his complaint.[1] After review,[2] we affirm.

## I. DISCUSSION

A. *Statute of limitations*

Allen asserts that even though he was aware of his 1996 diagnosis of syphilis and the lack of follow-up care he received after initial treatment, as well as his continual vision problems since 2006 for which he received no follow-up care after an initial examination, the statute of limitations on his claim did not begin to

---

[1] In his appellate brief, Allen also requests a court-appointed attorney. We can appoint a civil litigant an attorney, but the privilege of one is usually justified only by exceptional circumstances in the case. *See Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999); *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). We deny his request.

[2] We review a district court's application of a statute of limitations *de novo*. *Berman v. Blount Parrish & Co.*, 525 F.3d 1057, 1058 (11th Cir. 2008). We review the district court's decision to deny a motion to amend a complaint for abuse of discretion. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004).

run until August 2014 when he was diagnosed and learned that syphilis had caused permanent eye trauma.

The limitations period for filing an action under 42 U.S.C. § 1983 is typically determined by the state law period for personal injury torts. *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 123 n.5 (2005). Pursuant to O.C.G.A. § 9-3-33, Georgia has a two-year statute of limitations on personal-injury actions. However, federal law determines the date on which the statute of limitations begins to run, and for a § 1983 action the statute begins to run from the date "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003). While a plaintiff must have "a complete and present cause of action" to bring suit, the "cause of action accrues even though the full extent of the injury is not then known or predictable" once the wrongful act occurs. *Wallace v. Kato*, 549 U.S. 384, 388, 391 (2007).

The district court did not err in determining that Allen's complaint was outside of the statute of limitations. Allen did not bring his initial complaint until February 2015, and the applicable statute of limitations is two years. O.C.G.A. § 9-3-33. Therefore, Allen is limited to incidents that occurred no earlier than February 2013. Allen's complaint argues the deliberate indifference and improper

care for his syphilis and eye trauma led to permanent eye injuries.  He argues he was not aware of the extent of his injury until 2014.  However, Allen did not need to be aware of the extent of his injury for the statute of limitations to begin running.  *See Wallace*, 549 U.S. at 388.  Allen knew he had syphilis in 1996, and he knew there had been not follow up on this diagnosis after he received two shots.  By 2006, Allen was aware of his eye injury, and was aware that prison officials did not treat his vision problems after his examination in 2006.  Therefore, the facts supporting Allen's claim were apparent before 2013.  *See Brown*, 335 F.3d at 1261.  As such, the district court did not err in concluding that Allen's complaint was outside the statute of limitations.

## B.  Amendment

Allen also argues on appeal that the district court erred when it denied his motion to amend his complaint, arguing that, as a *pro se* claimant, he should have the right to amend his complaint at least once.

Normally, a party must be given at least one opportunity to amend before the district court dismisses the complaint.  *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).  However, while leave to amend should be freely given when justice so requires, Federal Rule of Civil Procedure 15(a)(2), a district court need not allow an opportunity to amend if amendment would be futile.  *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (holding that an amendment is futile

"when the complaint as amended would still be properly dismissed"). A legal determination that a proposed amendment to the complaint would be futile is reviewed *de novo*. *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1336 (11th Cir. 2010).

The court did not abuse its discretion when it denied Allen's motion to amend his complaint as the proposed amendments would have been futile. The majority of the proposed amendments reiterated and relied on the same facts and circumstances as Allen's original complaint, and therefore amendment would have been futile as those claims are time-barred. The district court acknowledged that Allen had also included some recent events at the prison--allegations from 2014-2015 where Allen has experienced difficulties receiving medical care and has suffered retaliatory actions because of his lawsuit--but noted Allen provided few details regarding these incidents. The district court stated these events are potentially a "new action," but that Allen must file a new action regarding these potential claims. The district court was within its discretion in denying the motion to amend as Allen's proposed amendments failed to state a claim upon which relief could be granted. *See* 18 U.S.C. 1915A(b)(1).

## II.  CONCLUSION

Accordingly, we affirm the district court's dismissal of Allen's complaint.

**AFFIRMED.**

5