[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14066
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-01867-TWT

TYRONE WILLIAM HOLLAND,

Plaintiff-Appellant,

versus

GOVERNOR OF GEORGIA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 5, 2016)

Before WILSON, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Tyrone William Holland, proceeding *pro se*, appeals the district court's dismissal of his claim brought under 42 U.S.C. § 1983 that Georgia's sex offender registration statute was unlawfully applied to him.  On appeal, Holland argues that the district court erred in accepting the magistrate judge's recommendation that his complaint was time-barred.[1]

## I. DISCUSSION

The statute of limitations applicable to Holland's claim is two years.  *See McNair v. Allen,* 515 F.3d 1168, 1173 (11th Cir. 2008) ("All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought."); *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996) (noting that in Georgia, the statute of limitations for a § 1983 claim is two years); *see also* O.C.G.A. § 9-3-33 (Georgia personal injury statute of limitations is two years).

The Georgia sex offender registry law that is the subject of this action took effect with respect to Holland on July 1, 1996, a matter of months after his incarceration.  *See* O.C.G.A. § 42-1-12(e)(3).  But July 1, 1996 is not necessarily the date the statute of limitations began to run.  *See Wallace v. Kato*, 549 U.S. 384,

---

[1] Since it appears from the record that Holland was not served with notice of the magistrate judge's Final Report and Recommendation, he did not waive his right to challenge on appeal the district court's order under 11th Cir. R. 3-1.  *Cf.* 28 U.S.C. 636(b)(1).  Accordingly, we review *de novo* the district court's decision to dismiss for failure to state a claim under 28 U.S.C. § 1915A, taking the allegations in the complaint as true.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).

388 (2007) ("[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law.") (emphasis omitted); *Mullis*, 85 F.3d at 561–562 ("The general federal rule is that the statute [of limitations] does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.") (quotation omitted).

The statute of limitations in these cases has only started to run after the plaintiff received some form of actual notice. *See Lovett v. Ray*, 327 F.3d 1181, 1182–83 (11th Cir. 2003) (concluding that a prisoner informed in 1998 that he would not be reconsidered for parole until 2006 "knew, or should have known, all the facts necessary to pursue a cause of action" at that time); *Brown v. Ga. Bd. Of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (holding the statute of limitations on petitioner's § 1983 claim began to run in 1995, when he was informed he would not be considered for parole until 2000, which was outside the mandated maximum three-year review period).

The record does not indicate Holland received any notice he would be required to register as a sex offender under O.C.G.A. § 42-1-12 upon his release from prison. Because there are no facts showing Holland knew or should have known of his claim more than two years before he filed suit, the district court erred in dismissing his complaint.

3

## II. CONCLUSION

Accordingly, we reverse and remand for further proceedings.

**REVERSED AND REMANDED.**