**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 2, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DANIEL COLLINS BAUDER,

     Plaintiff - Appellant,

v.

DELYNN FUDGE, in her individual
capacity; STEVEN BICKLEY, in his
official capacity as Executive Director of
the Oklahoma Parole Board,[*]

     Defendants - Appellees.

No. 19-6162
(D.C. No. 5:19-CV-00758-R)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[**]
_____

Before **BRISCOE**, **MATHESON**, and **CARSON**, Circuit Judges.
_____

Daniel Collins Bauder, an Oklahoma inmate appearing pro se, appeals the

district court's dismissal of his 42 U.S.C. § 1983 claims alleging violation of his

_____

    [*] Pursuant to Fed. R. App. P. 43(c)(2), Steven Bickley is substituted for
Delynn Fudge, former Executive Director of the Oklahoma Parole Board, as an
appellant in this action with respect to the claims brought against Ms. Fudge in her
official capacity.

    [**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

constitutional rights in connection with his applications for parole. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. Background

Oklahoma sentenced Bauder in June 1998 to life imprisonment for committing first degree murder. The Oklahoma Pardon and Parole Board reviewed Bauder's requests for parole in 2012, 2015, and 2018. It denied each of them.

Bauder then brought this suit in 2019, alleging the Parole Board violated his rights to due process in rejecting his applications for parole. He based his claims on a theory that the 1997 Oklahoma Truth in Sentencing Act, 1997 Okla. Sess. Laws 501–854, required the Parole Board to create procedures to determine what his sentence would have been if certain matrices included in the Act had applied to his crime. And he claimed the Parole Board failed to meet this requirement.

The magistrate judge screened the complaint under 28 U.S.C. § 1915A and recommended dismissing it for failure to state a claim, in part for being untimely. The magistrate judge concluded that a two-year limitations period applied and that Bauder's claims accrued no later than July 2012. He reasoned that since Bauder "was aware of the procedures the Board used at his initial parole docket" in 2012, the limitations period began running then. R. at 41. And he concluded that neither of the Parole Board's 2015 or 2018 denials resulted in a new injury. He therefore recommended finding that the complaint failed to state a claim. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations . . . show that relief is barred by the

2

applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . .").

Bauder filed a timely objection to the magistrate judge's report and recommendation. Regarding the timeliness of his claims, he argued as follows:

> [Bauder's] claim is based on his reconsideration in relation to the Board's 2018 hearing, the clear language of the statute and not as a successive denial of parole being a new inquiry but being denied the mandated procedure for his crime committed prior to July 1, 1998, of what sentence he would have received pursuant to the Truth-in-Sentencing -Applicable Matrix- Sentencing and Release guidelines- "Indeterminate Sentencing System" provisions in Section 6, 598, 599, 600 and 601, Chapter 133, O.S.L. 1997 re-enacted and revived by effective dates in 57, O.S. Supp. 1998-2018, § 332.7.

R. at 50–51.

The district judge found that in 2012 the Parole Board did not "appl[y] what [Bauder] contends is the mandatory matrix determination." *Id.* at 67. And he noted that Bauder failed to "identify any procedure or result that changed between his first hearing in 2012 and his most recent hearing in 2018." *Id.* at 67 n.3. The district judge therefore agreed that the statute of limitations barred Bauder's claims and adopted the report and recommendation.[1]

## II.  Discussion

We review de novo the district court's dismissal of an action under 28 U.S.C. § 1915A(b) for failure to state a claim, applying the same standards we employ to review dismissals under Fed. R. Civ. P. 12(b)(6). *See Young v. Davis*, 554 F.3d 1254, 1256

---

[1] The district judge also agreed with the magistrate judge's conclusion that Bauder failed to state a claim on the merits.

(10th Cir. 2009). Because Bauder appears pro se, we construe his filings liberally but do not serve as his advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

The district court found that the Parole Board committed the alleged errors at issue in connection with Bauder's 2012 parole application. Bauder persists in failing to "identify any procedure or result that changed between his first [parole] hearing in 2012 and his most recent [parole] hearing in 2018." R. at 67 n.3; *see also Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1262 (11th Cir. 2003) (per curiam) ("[S]uccessive denials of parole do not involve separate factual predicates and therefore do not warrant separate statute-of-limitations calculations."). And Bauder fails to identify any error in the district court's reasoning with respect to the statute of limitations. *Cf. Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) (stating that the appellant must "explain what was wrong with the reasoning that the district court relied on in reaching its decision"). We therefore affirm the district court's ruling that the applicable two-year statute of limitations bars this suit.

### III. Conclusion

We affirm the district court's dismissal of this case.

Entered for the Court

Joel M. Carson III
Circuit Judge

4