[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-11688

_____

SHARON MOTLEY,
on behalf of herself and those similarly situated,

Plaintiff-Appellant,

*versus*

HAL TAYLOR,
in his official capacity as Secretary of the
Alabama Law Enforcement Agency,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:19-cv-00478-WKW-SRW

_____

Before NEWSOM, TJOFLAT, and HULL, Circuit Judges.

PER CURIAM:

Sharon Motley appeals the district court's dismissal of her putative class action brought against Hal Taylor in his official capacity as Secretary of the Alabama Law Enforcement Agency ("ALEA"). After review and with the benefit of oral argument, we conclude that Motley's claim is barred by the applicable statute of limitations. Accordingly, we affirm.

## I.    FACTUAL BACKGROUND

### A. Motley's driver's license is suspended

We briefly set forth the relevant allegations in Motley's complaint.

In 2013, the Montgomery County District Court ordered Motley to pay fines and court costs after she pled guilty to a traffic ticket. Motley did not pay the ticket because she could not afford to do so.

Motley's driver's license was suspended for failure to pay her fines. She had not received prior notice that her driver's

license would be suspended if she did not pay the ticket. Before suspending her license for failure to pay, neither the court nor ALEA—which administers all state laws relating to the operation of vehicles—held a hearing to determine whether her failure to pay was willful.

Employers rescinded job offers after learning of Motley's suspended driver's license because without a valid license it was impossible for her to perform certain job functions like deposit checks or travel for work.

## B. Motley's lawsuit

On July 3, 2019, Motley sued Taylor in his official capacity, seeking declaratory and injunctive relief on behalf of herself and a putative class of "[a]ll individuals whose driver's licenses are suspended for nonpayment of traffic tickets." She moved for a preliminary injunction and class certification.[1]

---

[1] Motley has stipulated that her Alabama driver's license was initially suspended in 2005 after she failed to appear on several traffic tickets. Then in 2013, Motley pled guilty to driving with a suspended license and was ordered to pay $310. When she did not pay, the Montgomery County District Court issued a separate suspension. About five months before filing this lawsuit, Motley requested and the Montgomery Court granted a payment plan whereby Motley was ordered to make $25 payments each month.

Ultimately, after the lawsuit was filed, Motley paid off her fine and her driver's license was reinstated. While her individual claim became moot, her particular class action claims here are not moot.

Motley's complaint alleged in a single claim that Alabama R. Crim. P. 26.11(i)(3)—which authorizes license suspensions for failures to pay traffic fines—violates the Equal Protection and Due Process Clauses of the Fourteenth Amendment.[2] Specifically, Motley alleged that Rule 26.11(i)(3) authorizes the suspension of a driver's license for nonpayment of traffic fines or court costs without prior notice, the opportunity to be heard, or an express finding that the individual is able to pay and willfully failed to do so.

On July 24, 2019, Taylor moved for dismissal. On March 31, 2020, the district court (1) denied Taylor's motion to dismiss to the extent it was based on the statute of limitations but (2) granted Taylor's motion to dismiss for failure to state a claim on the merits.

Motley timely appealed.

## II.    DISCUSSION

Although the district court decided Taylor's motion to dismiss on the merits, our review ends on a threshold matter. We conclude that Motley's complaint was filed outside of the two-year statute of limitations and the continuing violations doctrine

---

[2] Below and on appeal, Motley has argued that her hybrid claim should be analyzed as a *Bearden* claim. *See Bearden v. Georgia*, 461 U.S. 660, 103 S. Ct. 2064 (1983); *see also Walker v. City of Calhoun*, 901 F.3d 1245, 1260 (11th Cir. 2018) (stating that "[t]he *sine qua non*" of a *Bearden* claim "is that the State is treating the indigent and the non-indigent categorically differently").

20-11688                Opinion of the Court                    5

does not apply.    Accordingly, her July 3, 2019, action was untimely, and dismissal is warranted on that ground alone. [3]

The parties agree that, because Motley filed her claim under 42 U.S.C. § 1983 in Alabama, the applicable statute of limitations period is two years.  *See* Ala. Code § 6-2-38(l); *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).    The statute of limitations begins to run on the date where "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (quotation marks omitted).

Here, the district court found that (1) the state court suspended Motley's driver's license for failure to pay in December 2013; and (2) she knew or should have known of her suspended license before July 3, 2017.  Thus, Motley's two-year clock began to run sometime before July 3, 2017, and her claim is time-barred unless an exception to the statute of limitation applies. [4]

---

[3] We review the district court's grant of a Fed. R. Civ. P. 12(b)(6) motion to dismiss de novo.  *McGroarty v. Swearingen*, 977 F.3d 1302, 1306 (11th Cir. 2020).  And we "independently review the district court's ruling concerning the applicable statute of limitations." *Id.* (quotation marks omitted).  We may affirm for any reason supported by the record. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018).

[4] In her initial brief on appeal, Motley does not argue that the district court erred in taking judicial notice of the date of her license suspension, nor does she challenge its finding that she knew or should have known of the

6                  Opinion of the Court                  20-11688

Motley argues that the indefinite suspension of her license is a continuing violation. Under that doctrine, a plaintiff may bring "an otherwise time-barred claim when additional violations occur within the statutory period." *McGroarty v. Swearingen*, 977 F.3d 1302, 1307 (11th Cir. 2020) (quotation marks omitted). In applying the continuing violation doctrine, we distinguish "between the present consequence of a one time violation, which does not extend the limitations period, and the continuation of that violation into the present, which does." *Id.* (quotation marks omitted). In other words, the continuing violation doctrine is not triggered merely because the harm caused by the defendant's action continues after the limitations period. *See id.* at 1307-08.

After reviewing Motley's claim, we conclude that Motley has alleged a continuing harm, not a continuing violation. Motley alleged that Taylor violated her Fourteenth Amendment rights by suspending her driver's license "without prior notice, the opportunity to be heard, or an express finding that [she was] able to pay and willfully failed to do so." While Motley's claim does encompass an equal protection injury, that injury stems from the alleged due process violations, all of which occurred on or before December 20, 2013, when her license was suspended. *Cf. Walker*

---

suspension before July 3, 2017. Thus, she has abandoned any argument on these issues. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680-81 (11th Cir. 2014); *see also Timson v. Samson*, 518 F.3d 870, 874 (11th Cir. 2008) ("[W]e do not address arguments raised for the first time in a . . . litigant's reply brief." ).

v. *City of Calhoun*, 901 F.3d 1245, 1265 (11th Cir. 2018) (holding that the plaintiff's *Bearden* claim should be analyzed under due process standards because the relief he sought was "essentially procedural: a prompt process by which to prove his indigency"). Because of its unique hybrid posture, and considering all of the particular facts and circumstances in this case, Motley's claim is distinguishable from cases where we have found claims of ongoing Title VII discrimination to be continuing violations. *Cf.* *Calloway v. Partners Nat. Health Plans*, 986 F.2d 446, 448-49 (11th Cir. 1994) (concluding in an employment discrimination case that race based, discriminatory wage paychecks were a continuing violation and thus the discrimination claim was timely filed with the EEOC); *Beavers v. Am. Cast Iron Pipe Co.*, 975 F.2d 792, 797-98 (11th Cir. 1992) (concluding in a lawsuit brought by male employees that employer's denial of insurance coverage to the children of each non-custodial employee-parent was a continuation of a repeated violation into the present and not a one-time violation with present effects, and thus the discrimination claim was timely filed with the EEOC). We conclude that all of Motley's alleged injuries stem from the 2013 suspension of her driver's license without an opportunity to be heard or to prove her indigency. Accordingly, her claim is time-barred.

## III.    CONCLUSION

Motley's claim against Taylor accrued at least sometime before July 3, 2017. Thus, her complaint was untimely when she

8                    Opinion of the Court                    20-11688

filed it on July 3, 2019.  And the continuing violation doctrine does not apply to save her from the statute of limitations.  For this reason, we affirm the district court's order dismissing her complaint.

**AFFIRMED.**