S08A0436. DONALD et al. v. PRICE.
(658 SE2d 569)

CARLEY, Justice.

Rashad D. Price is an inmate at a state prison. Acting pro se, he filed a mandamus petition against the Warden of that prison and the Commissioner of the Department of Corrections (Appellants). The trial court granted mandamus relief, and this Court unanimously granted the Warden's application for discretionary appeal. See OCGA § 42-12-8.

Appellants contend that the trial court erred by allowing Price's complaint to proceed even though he failed to use the form promulgated by the Administrative Office of the Courts (AOC), as required by OCGA § 9-10-14 (b). In relevant part, that statute provides the following:

> No clerk of any court shall accept for filing any action by an inmate of a state or local penal or correctional institution . . . against any . . . officer of state or local government unless the complaint or other initial pleading is on a form or forms promulgated by the [AOC]. . . .

This language is unambiguous and does not provide for any exceptions. In this case, however, the clerk of the trial court did accept Price's mandamus petition for filing and thereby acted "contrary to the requirements of OCGA § 9-10-14 (b). . . ." *King v. State of Ga.*, 268 Ga. 384 (493 SE2d 189) (1997). As the trial court itself found, the clerk "should not have docketed this complaint absent the proper form." If the clerk should not have docketed the complaint, then the trial court should not have considered it as a viable pleading.

Appellants raised the failure to comply with the mandate of OCGA § 9-10-14 (b) as a defense in both a timely answer and a subsequent motion to dismiss. The trial court noted Price's contention "that the requisite form was not available to him at the time he

filed his complaint. . . ." However, the trial court did not resolve that question in Price's favor, presumably because Appellants' counsel stated in his place that the form was available to Price at the facility where he was incarcerated, and because none of Price's statements were made under oath. See *Coonce v. State*, 171 Ga. App. 20, 21 (1) (318 SE2d 763) (1984). Moreover, the trial court recognized that the clerk could have provided Price with a copy of the AOC form. Thus, the record does not support Price's assertion that he was denied access to the appropriate form. See *Portee v. State of Ga.*, 277 Ga. App. 536, 537 (1) (a), fn. 2 (627 SE2d 63) (2006).

The trial court ultimately declined to dismiss the mandamus petition because it had been pending over a year, and no purpose would be served by requiring re-submission on the appropriate form. However, if Price had used the AOC form, there would not have been any year-long delay in the valid initiation of this action. More importantly, if the clerk had complied with the duty imposed by OCGA § 9-10-14 (b), the invalid pleading would not have been pending in the trial court for any length of time whatever. The language of OCGA § 9-10-14 (b) is mandatory, the failure of the clerk to comply with the statutory requirement was timely raised by way of defense, and the trial court erred in failing to dismiss the action without prejudice. See *King v. State of Ga.*, supra.

The remaining enumeration of error is moot.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 10, 2008.

*Thurbert E. Baker, Attorney General, Robert W. Smith, Jr., Assistant Attorney General*, for appellants.

*Gerald R. Weber, Jr., Lisa L. Klung*, for appellee.