## S13O0473. GAY v. OWENS.

(738 SE2d 614)

BENHAM, Justice.

Christopher Gay was convicted of escape in 2011 in the Superior Court of Cobb County and is currently incarcerated in the Northeast Correctional Complex in Mountain City, Tennessee. He has filed in this Court a petition for writ of mandamus in which he seeks to have this Court order Brian Owens, the Commissioner of the Georgia Department of Corrections, to award Gay additional pre-trial sentence credit.[1] Gay initially filed his petition in the Superior Court of Fulton County; however, the clerk of that court, citing OCGA § 9-10-14 (b), returned his petition to him without filing it. After reviewing our jurisdiction, we do not strike the petition from our docket for failure to meet the requirements of OCGA § 9-10-14 (b); rather, we dismiss Gay's petition because his petition for a writ of mandamus is one that should be filed initially in superior court. *Brown v. Johnson*, 251 Ga. 436 (306 SE2d 655) (1983).[2]

1. "It is the duty of this court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction." (Punctuation omitted.) *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995). The Georgia Constitution authorizes a party to seek a writ of mandamus from this Court. See 1983 Ga. Const., Art. VI, Sec. I, Par. IV. But see *Brown v. Johnson*, supra, holding that the need to resort to the appellate courts for issuance of process "will be extremely rare." Prior to a determination whether Gay's petition filed in this Court falls within the

---

[1] In April 2011, Gay was picked up from the Tennessee Department of Corrections and transported to Cobb County, where he had been charged in an indictment with escape and simple battery. Gay pled guilty to the escape charge and was sentenced to a four-year term of imprisonment, to be served concurrently with any other sentence being served. The battery charge was nol prossed.

[2] The Commissioner has filed a motion to dismiss in which he raises several grounds for dismissal of Gay's petition in addition to our holding in *Brown v. Johnson*.

"extremely rare" category is the issue whether Gay's petition should be stricken from the docket of this Court because it was improperly accepted for filing by this Court in violation of OCGA § 9-10-14 (b).

OCGA § 9-10-14 (b) prohibits a clerk of any court from accepting for filing

> any action by an inmate of a state or local penal or correctional institution . . . against any agency or officer of state or local government unless the complaint or other initial pleading is on a form or forms promulgated by the Administrative Office of the Courts ["AOC"] and such form or forms are appropriately and legibly completed.

It is without dispute that Gay is a prison inmate incarcerated by the State of Tennessee; that Commissioner Owens is an officer of the State of Georgia; and that the petition for writ of mandamus filed by Gay in this Court is not on the form promulgated by the AOC for use by inmates filing civil actions against an officer of Georgia government. What is left for resolution is whether the statutory phrase "an inmate of a state or local penal or correctional institution" is limited to inmates of such institutions located in Georgia who are seeking access to Georgia's judicial system, or whether it includes inmates of such institutions located beyond the borders of Georgia who are seeking access to Georgia's courts. If the latter, there arises the additional question of whether Gay was denied access to the forms.

A clerk of court acts contrary to the requirements of OCGA § 9-10-14 (b) when the clerk accepts for filing a complaint or initial pleading against a Georgia agency or official that is not in accord with the statute's requirements. *King v. State of Ga.*, 268 Ga. 384 (493 SE2d 189) (1997). The statutory language "is unambiguous and does not provide for any exceptions" — the clerk of a Georgia court is not to docket a mandamus petition without the statutorily-required form. *Donald v. Price*, 283 Ga. 311 (658 SE2d 569) (2008). Today, we examine who is required to use the statutorily-required forms, i.e., whether an inmate incarcerated in a penal institution of another state is "an inmate of a state or local penal or correctional institution . . ." under OCGA § 9-10-14 (b) and is therefore required to use the AOC forms when seeking access to Georgia courts.

" 'In all interpretations of statutes, the courts shall look diligently for the intention of the General Assembly' (OCGA § 1-3-1 (a)), giving 'ordinary signification' to all words that are not terms of art. OCGA § 1-3-1 (b)." *Tatis v. State*, 289 Ga. 811, 812 (716 SE2d 203) (2011). The wording of subsection (b) covers inmates of state and local penal institutions physically located in Georgia and excludes by

omission the inmates of *federal* penitentiaries and correctional institutions physically located in Georgia. The statutory wording can also be read to cover inmates incarcerated in the state and local penal institutions of other states who wish to use a Georgia court to bring an action against a Georgia government, agency, or officer. However, if the General Assembly had wished to cover inmates of other states' penal or correctional institutions who seek access to Georgia courts to file actions against Georgia officials, it knew how to specify such an expansive reading. The General Assembly has used the phrase "other states" or "the several states" to extend the coverage of a statute. See, e.g., OCGA §§ 12-5-473 (10) (the Water Supply Division of the Georgia Environmental Finance Authority is given the power to cooperate and act in conjunction with state and local agencies and "with other states and their political subdivisions"); 35-3-33 (a) (10) (the Georgia Crime Information Center is given the power to make available information "to all local and state criminal justice agencies, . . . and criminal justice agencies in other states"); and 50-3-1 (b) (1) (makes it unlawful to defile a publicly-owned monument to the military service of military personnel of Georgia or the several states of the United States). The General Assembly's failure to include similar expansive language in OCGA § 9-10-14 (b) leads us to conclude the General Assembly intended the statute to cover only those inmates of state and local penal or correctional institutions located in Georgia.

Further supporting our construction of the statute is the content of subsection (d) of OCGA § 9-10-14. "[S]tatutes are not to be construed in a vacuum, but in relation to other statutes of which they are a part. . . ." *East West Express v. Collins*, 264 Ga. 774 (1) (449 SE2d 599) (1994). See also *Hendry v. Hendry*, 292 Ga. 1, 3 (734 SE2d 46) (2012). Subsection (d) requires the AOC to furnish the necessary forms to "the Department of Corrections and local penal and correctional institutions for use by their inmates" without cost. The Department of Corrections is the entity that administers Georgia's correctional institutions and the rehabilitative programs conducted therein. OCGA §§ 42-2-1; 42-2-5. The General Assembly's use of that phrase in subsection (d) supports the conclusion that the phrase "state or local penal or correctional institution" used in subsection (b) refers only to those institutions located in Georgia. Since Gay is not incarcerated in a state or local penal or correctional institution located in Georgia, the requirements of OCGA § 9-10-14 (b) are not applicable to him. Accordingly, we will not order his petition to be stricken from the docket of this Court.

2. That, however, is not the only hurdle Gay must overcome in order to have this Court examine the merits of his petition for a writ of mandamus against the Commissioner. Because Gay's petition for

writ of mandamus filed in this Court is not one of the "extremely rare" instances in which this Court's original jurisdiction is invoked, it is hereby dismissed. *Brown v. Johnson,* supra, 251 Ga. 436. The petition must be filed initially in superior court. See id. at 437. Upon submission to a superior court for filing, it is not subject to return to Gay without filing pursuant to OCGA § 9-10-14 (b) as long as Gay is not incarcerated in a state or local penal institution located in Georgia.

*Petition for writ of mandamus dismissed. All the Justices concur.*

DECIDED FEBRUARY 18, 2013.

Christopher D. Gay, *pro se.*

*Samuel S. Olens, Attorney General, Joseph J. Drolet, Senior Assistant Attorney General, Hye M. Park, Assistant Attorney General,* for appellee.