# Court of Appeals
# of the State of Georgia

ATLANTA, March 22, 2017

*The Court of Appeals hereby passes the following order:*

## A17E0017.   RICKS v. SMITH et al.

In November 2016, Morris Ricks, acting pro se, filed a petition for writ of mandamus in this Court.[1] Ricks, who appears to be an inmate at a correctional institution in Florida, sought to invoke this Court's original jurisdiction to direct the Clerk of Court of Butts County to file his pro se motion for out-of-time appeal.[2] Ricks also asked that a hearing be scheduled on his motion. The Butts County clerk filed a response to Ricks' mandamus petition, requesting that this Court dismiss it on the ground that she had since filed Ricks' motion for out-of-time  appeal and the mandamus petition was thus, moot. Ricks then filed a "Demand for Specific Performance," asking this Court to: (1) deny the clerk's request to dismiss his mandamus petition because the clerk had not fulfilled her obligation and promise she had made to place Ricks' out-of-time appeal motion on a court calendar, on a certain date; and (2) compel the clerk to place the motion on a court calendar. For the following reasons, Ricks' mandamus petition is hereby **DISMISSED**.

First, Ricks' request for mandamus relief to direct the Butts County clerk to file his motion for out-of-time appeal is moot. It is undisputed that the clerk has already filed the motion. Second, Ricks' request for mandamus relief to direct the clerk to

---

[1] We initially transferred this case to the Supreme Court of Georgia, which transferred it back.

[2] Because Ricks is not incarcerated in Georgia, he was not required to file his petition for mandamus on a form promulgated by the Administrative Office of the Courts. See *Gay v. Owens*, 292 Ga. 480-482 (1) (738 SE2d 614) (2013). See also OCGA § 9-10-14 (b).

schedule his motion for out-of-time appeal for a hearing, "in the first instance lies with the superior court judge, not this court." *Chancey v. Ellis*, 251 Ga. 437 (306 SE2d 656) (1983) (holding that mandamus relief sought against court reporter "in the first instance lies with the superior court judge," not the appellate court). See *Bibb County v. Monroe County*, 294 Ga. 730, 734 (2) (755 SE2d 760) (2014) (one criteria for issuance of the writ of mandamus is that "no other adequate remedy is available to effectuate the relief sought") (citations omitted); OCGA § 9-6-20. Ricks has not presented an issue warranting the "extremely rare" exercise of this Court's original jurisdiction, and "[t]he petition must be filed initially in superior court." *Gay v. Owens*, 292 Ga. 480, 483 (2) (738 SE2d 614) (2013), citing *Brown v. Johnson*, 251 Ga. 436-437 (306 SE2d 655) (1983) (original petitions for mandamus are to be filed in superior court rather than in appellate courts). See generally *Graham v. Cavender*, 252 Ga. 123 (311 SE2d 832) (1984) (appellate court's "extremely rare" exercise of its original jurisdiction was not warranted over mandamus petition filed against judges and clerk of court; petition should have been initially filed in superior court); *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 455 (2) (b) (699 SE2d 600) (2010) (declining to exercise appellate court's original mandamus jurisdiction to review an interlocutory discovery order).



Court of Appeals of the State of Georgia
    Clerk's Office, Atlanta,__03/22/2017_____
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , Clerk.