# Court of Appeals
# of the State of Georgia

ATLANTA,  September 26, 2017

*The Court of Appeals hereby passes the following order:*

**A18A0346.  JAMES JONES v. THEODORE JACKSON, SHERIFF et al.**

James Jones filed a pro se "OCGA § 9-6-20 Writ of Mandamus" in this Court. Jones appears to be asking, among other things, that his indictment for burglary and possession of tools for the commission of a crime be dismissed because he has been denied his right to a speedy trial.[1]

However, to the extent Jones seeks mandamus relief compelling the superior court to act in his underlying case, he must first present his request to the superior court. "Generally, the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction, and hence the need to resort to the appellate courts for such relief by petition filed in the appellate courts will be extremely rare." *Brown v. Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983).  This is not one of the extremely rare instances in which this Court will exercise original mandamus jurisdiction. See *Gay v. Owens*, 292 Ga. 480, 482-483 (2) (738 SE2d 614) (2013).  Until such time as Jones has pursued relief in superior court and obtained a ruling thereon, there is no basis for this Court to exercise jurisdiction.

Furthermore, to the extent that Jones is asking this Court to review the superior court's ruling on a motion for mandamus, he has failed to include a superior court order.  The record provided by Jones does contain a stamped filed copy of a pro se notice of appeal in which he purports to appeal from an "ORDER of Writ of

---

[1] It is unclear from the materials provided whether Jones ever filed a speedy trial motion in the trial court or whether Jones is represented by counsel.

Mandamus" entered on June 10, 2016. However, such an order does not appear in the record provided by Jones. Given the apparent absence of a superior court order, we have nothing to review. See *Amica v. State*, 307 Ga. App. 276, 282 (2) (704 SE2d 831) (2010). In addition, because Jones is a presently being held in custody awaiting trial, any such appeal is controlled by the Prison Litigation Reform Act, OCGA § 42-12-1 et seq., which requires any appeal in a civil case by a prisoner to come by discretionary application.[2] See OCGA § 42-12-8. Thus, to the extent that Jones seeks to appeal a superior court order denying a mandamus petition, he has no right of direct appeal in this case. See *Jones v. Townsend*, 267 Ga. 489, 490 (480 SE2d 24) (1997).

For these reasons, Jones's appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta, 09/26/2017*
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *Stephen E. Castlen* _____ , *Clerk.*

---

[2] A "prisoner" under the Prison Litigation Reform Act includes a person 17 years of age or older who "is being held in custody awaiting trial or sentencing." OCGA § 42-12-3 (4).