**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**February 22, 2018**

# In the Court of Appeals of Georgia

A18A0316. BYRD v. GLANVILLE.

MCFADDEN, Presiding Judge.

This case involves a mandamus petition filed in this court by a prison inmate, Herschel Gerald Byrd. The respondent, Judge Ural Glanville, has moved to dismiss the petition. We grant the motion because Byrd failed to use the mandatory form promulgated by the Administrative Office of the Courts ("AOC") and we, therefore, dismiss the petition.

On October 26, 2017, Byrd filed a petition for mandamus in this court, seeking to invoke this court's original jurisdiction to issue a writ of mandamus ordering Judge Glanville to rule on the various motions filed by Byrd in connection with a criminal case in which he was the defendant. See OCGA § 9-6-22 (permitting person to petition appellate court to compel public officer to perform duty by mandamus). See

also Ga. Const. of 1983, Art. VI, Sec. I, Par. IV ("[a]ppellate courts shall have the power to issue process in the nature of mandamus"); OCGA § 15-3-3.1 (a) (4) & (6) ("the Court of Appeals shall have jurisdiction in all cases involving extraordinary remedies and all other cases not reserved to the Supreme Court"). Byrd was incarcerated at the time he filed his petition.

Judge Glanville has moved to dismiss Byrd's mandamus petition arguing, among other things, that Byrd failed to file the AOC form required for such a petition. OCGA § 9-10-14 (b) requires inmates incarcerated in Georgia state or local facilities to use a special form promulgated by the AOC as their complaint or initial pleading in lawsuits against state or local agencies or officials.

> In relevant part, that statute provides the following: No clerk of any court shall accept for filing any action by an inmate of a state or local penal or correctional institution against any officer of state or local government unless the complaint or other initial pleading is on a form or forms promulgated by the AOC. This language is unambiguous and does not provide for any exceptions.

*Donald v. Price*, 283 Ga. 311 (2008) (658 SE2d 569) (2008) (punctuation omitted). Furthermore, the Georgia Supreme Court has held that "[a] clerk of court acts contrary to the requirements of OCGA § 9-10-14 (b) when the clerk accepts for filing a complaint or initial pleading against a Georgia agency or official that is not in

2

accord with the statute's requirements." *Gay v. Owens*, 292 Ga. 480, 481 (1) (738 SE2d 614) (2013) (citation omitted).

The original mandamus petition that Byrd filed with this court is an initial pleading, subject to the requirements of OCGA § 9-1-14 (b). But Byrd failed to use the proper form when he filed the mandamus petition with this court. Accordingly, pursuant to OCGA § 9-10-14 (b), the petition must be dismissed.

*Case dismissed. Ray and Rickman, JJ., concur.*