# Court of Appeals
# of the State of Georgia

ATLANTA,  January 14, 2019

*The Court of Appeals hereby passes the following order:*

**A19D0267.  DAVEY JOYNER v. THE STATE.**

On September 24, 2018, Davey Joyner was convicted of driving with a suspended license, speeding, and obstruction of a law enforcement officer. He was sentenced to a total term of incarceration of 6 months followed by 36 months' probation. On December 20, 2018, Joyner filed a "Notice of Appeal" in this Court, which we docketed as an application for discretionary appeal. The State has moved to dismiss the application.

Pursuant to OCGA § 5-6-34 (a) (1), a defendant has a right to directly appeal a "final judgment, that is to say, where the case is no longer pending in the court below." *Keller v. State*, 275 Ga. 680, 680 (571 SE2d 806) (2002) (citation and punctuation omitted). Ordinarily, we will grant a timely application for discretionary appeal if the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). To fall within this general rule, however, the application must be filed within 30 days of entry of the order to be appealed. See OCGA § 5-6-35 (d), (j).  Here, Joyner filed his application 87 days after the entry of the order he seeks to appeal and it is thus untimely.[1]

---

[1] Although Joyner attempted to file a notice of appeal in this Court on November 19, 2018, his filing was returned because he failed to include a certificate of service in violation of Court of Appeals Rule 6, and a stamped "filed" copy of the trial court's order as required by Court of Appeals Rule 31 (c). Joyner also was advised that a notice of appeal had to be filed in the trial court. In any event, this filing also would have been untimely.

In his application materials, Joyner argues that he filed a notice of appeal in the trial court on October 12, 2018, but the trial court has failed to transmit his appeal. If, as Joyner suggests, his right to timely seek appellate review was frustrated due to the trial court's failure to process his appeal, his remedy is to submit a request to the trial court seeking the transmittal of his appeal. See OCGA § 5-6-43 (a).

To the extent that Joyner's filing in this Court can be construed as a petition for mandamus relief seeking to compel the transmission of his appeal, this is not one of the extremely rare instances in which this Court will exercise original mandamus jurisdiction. See *Gay v. Owens*, 292 Ga. 480, 482-483 (2) (738 SE2d 614) (2013). Rather, Joyner must first seek mandamus relief in the superior court. See *Graham v. Cavender*, 252 Ga. 123, 123 (311 SE2d 832) (1984).

For the foregoing reasons, the State's motion to dismiss is GRANTED, and this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  01/14/2019
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*