# Court of Appeals
# of the State of Georgia

ATLANTA,  August 20, 2019

*The Court of Appeals hereby passes the following order:*

**A19A2418. CAROL WILKERSON v. LOUISE MORGAN et al.**

Carol Wilkerson has filed an original mandamus action in this Court against Bulloch County State Court Judge Gary L. Mikell. She asks this Court to compel Judge Mikell to rule on her "timely filed appeal on May 29, 2019" and her motion for relief from summary judgment filed on November 15, 2018. Based upon the limited information provided in Wilkerson's filing, it appears that this case began in 2015 as a dispossessory action. Wilkerson filed a complaint against Louise Morgan for "Self-Help Illegal Eviction." In May 2017, Judge Mikell entered an order granting Morgan's motion for summary judgment. Wilkerson complains that the order contains clerical errors and that Judge Mikell has refused to rule on her filings following the grant of summary judgment.

"Generally, the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction, and hence the need to resort to the appellate courts for such relief by petition filed in the appellate courts will be extremely rare." *Brown v. Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983); see Ga. Const. of 1983, Art. VI, Sec. I, Par. IV (providing that appellate courts have mandamus authority in aid of their jurisdiction). Moreover, mandamus will issue "only if (1) no other adequate legal remedy is available to effectuate the relief sought; and (2) the applicant has a clear legal right to such relief." *Bibb County v. Monroe County*, 294 Ga. 730, 734 (2) (755 SE2d 760) (2014).

This is not one of the extremely rare instances in which this Court will exercise original mandamus jurisdiction. See *Gay v. Owens*, 292 Ga. 480, 482-483 (2) (738

SE2d 614) (2013). Rather, Wilkerson must first seek mandamus relief in the superior court. See *Graham v. Cavender*, 252 Ga. 123, 123 (311 SE2d 832) (1984). Accordingly, this petition for writ of mandamus is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta, __08/20/2019__
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.