# Court of Appeals
# of the State of Georgia

ATLANTA,  February 07, 2020

*The Court of Appeals hereby passes the following order:*

## A20A0985.  THERIAN WIMBUSH v. STEPHEN E. CASTLEN et al.

Therian Wimbush, whose parental rights have been terminated as to nine of her children and who is presently incarcerated for child cruelty,[1] has filed an original mandamus petition in this Court. Wimbush asserts that the judgments in her parental rights termination and criminal cases are void because the trial court lacked jurisdiction to enter them. Wimbush asks this Court to recall the remittiturs in those cases, vacate the judgments, and direct the lower court clerks to take certain actions.

Although the Georgia Constitution vests the appellate courts of this state with original mandamus jurisdiction, see Ga. Const. of 1983, Art. VI, Sec. I, Par. IV, we are to exercise that authority only in "extremely rare" circumstances. *Gay v. Owens*, 292 Ga. 480, 480 (1) (738 SE2d 614) (2013) (punctuation omitted). Mandamus will issue "only if (1) no other adequate legal remedy is available to effectuate the relief sought; and (2) the applicant has a clear legal right to such relief." *Bibb County v. Monroe County*, 294 Ga. 730, 734 (2) (755 SE2d 760) (2014).

Wimbush filed an identical petition for relief in the Supreme Court of Georgia. See *Wimbush v. Castlen*, Case No. S20O0703 (decided Jan. 27, 2020). The Supreme Court concluded that mandamus was not an appropriate remedy because Wimbush was "simply seeking to reopen matters that could have been addressed via the

---

[1] See *In the Interest of R. W.*, Case No. A18A1671 (dismissing as untimely Wimbush's appeal from juvenile court order terminating her parental rights) (decided May 29, 2018); *Wimbush v. State*, 345 Ga. App. 54 (812 SE2d 489) (2018) (affirming Wimbush's convictions on three counts of cruelty to children).

ordinary channel of judicial review" and her petition did "not warrant the exercise of [the Supreme Court's] rarely-invoked original jurisdiction[.]" Accordingly, the Supreme Court dismissed Wimbush's petition.

We hereby adopt the Supreme Court's reasoning. Because this is not one of the extremely rare instances in which this Court will exercise original mandamus jurisdiction, see *Gay v. Owens*, 292 Ga. at 482-483 (2), we DISMISS Wimbush's petition.



*Court of Appeals of the State of Georgia*
　　　*Clerk's Office, Atlanta,__02/07/2020_____*
　　　*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
　　　*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


　　　　　　　　　　　　　　　　　　*, Clerk.*