**SECOND DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 22, 2020**

# In the Court of Appeals of Georgia

A20A0749. BORDEAUX v. HISE.

COOMER, Judge.

In this mandamus action, Thomas Bordeaux, Judge of the Probate Court of Chatham County, seeks review of an order from the Superior Court of Chatham County granting Gregory Hise's motion for summary judgment and directing Bordeaux to issue Hise a Georgia weapons carry license ("GWCL"). Bordeaux challenges the superior court's order arguing Hise was not entitled to the extraordinary relief provided by a writ of mandamus because he had not first exhausted his legal remedies, as required before seeking mandamus relief. Because Hise properly brought his mandamus action following the denial of his application for a GWCL under OCGA § 16-11-129 (j) and the trial court correctly ruled that Hise is entitled to a GWCL, we affirm.

Viewed in the light most favorable to Bordeaux, as the party opposing the grant of summary judgment,[1] the record shows that on May 6, 2019, Hise filed an application for a GWCL with Bordeaux pursuant to OCGA § 16-11-129. Bordeaux issued an order denying Hise's application the same day citing as grounds for the denial that Hise had been convicted in Virginia of misdemeanor assault in 1979. In response to the denial of his application, Hise filed and served a verified complaint seeking mandamus relief and attorney fees in the superior court. Hise then filed a motion for summary judgment on June 28, 2019. Bordeaux filed a motion to open default, an answer to the complaint, and a motion to dismiss on July 1, 2019. Bordeaux did not file a response to Hise's motion for summary judgment. On October 4, 2019, the superior court issued an order granting Hise's motion for summary judgment, and directing Bordeaux to issue a GWCL to Hise within ten days of the order.

On October 11, 2019, Bordeaux filed a motion for reconsideration of the superior court's order granting Hise's motion for summary judgment asserting that he filed a timely response to Hise's motion, but that an error with e-filing prevented the superior court from receiving his response in a timely manner. Despite the

---

[1] *Alford v. Hernandez*, 343 Ga. App. 332, 332 (807 SE2d 84) (2017).

superior court's order, Bordeaux did not issue the GWCL to Hise within ten days, and Hise filed a motion to hold Bordeaux in contempt on October 15, 2019. Bordeaux then filed a motion for relief from judgment asking the superior court to set aside its prior judgment against him. On November 4, 2019, the superior court issued an order denying Bordeaux's motions for reconsideration and relief from judgment. This appeal followed.

In his sole enumeration, Bordeaux contends the superior court erred in granting Hise a writ of mandamus because Hise failed to exhaust his available legal options before commencing the mandamus action giving rise to this appeal. Bordeaux argues that Hise was required to request a hearing before the probate court as to his fitness and eligibility to be issued a GWCL prior to filing an action for mandamus.[2] We disagree.

---

[2] Bordeaux does not challenge the superior court's findings that Hise's 1979 conviction for misdemeanor assault did not render Hise ineligible to have a GWCL. Bordeaux concedes that a misdemeanor assault conviction would not disqualify an applicant from being eligible to have a GWCL issued unless the conviction involved domestic violence. See OCGA § 16-11-29 (b) (2) and 18 U.S.C. §922 (g) (9). However, Bordeaux argues that had Hise requested a hearing in probate court in lieu of seeking mandamus relief, the information regarding the nature of Hise's conviction would have been revealed and the matter settled. For reasons discussed further in this opinion, we disagree with Bordeaux's argument.

OCGA § 16-11-129 (j), which sets forth the statutory procedures for applicants seeking relief in the event their application for a GWCL is denied, states as follows:

> When an eligible applicant fails to receive a license . . . within the time period required by this Code section and the application or request has been properly filed, the applicant *may bring an action in mandamus* or other legal proceeding in order to obtain a license[.] . . . When an applicant is otherwise denied a license . . . and contends that he or she is qualified to be issued a license, . . . *the applicant may bring an action in mandamus* or other legal proceeding in order to obtain such license. Additionally, *the applicant may request a hearing before the judge* of the probate court relative to the applicant's fitness to be issued such license. Upon the issuance of a denial, the judge of the probate court shall inform the applicant of his or her rights pursuant to this subsection. If such applicant is the prevailing party, he or she shall be entitled to recover his or her costs in such action, including reasonable attorney's fees.

(Emphasis supplied.).

It is undisputed from the record that upon receiving a denial of his application for a GWCL, Hise filed an action in mandamus with the superior court as permitted by statute. Despite Bordeaux's argument to the contrary, Hise was not required to request a hearing with the probate judge before pursuing the extraordinary remedy of mandamus. The plain language of OCGA § 16-11-129(j) authorizes an eligible

4

applicant to file a mandamus action as a first response to a failure to timely act upon a GWCL application or to an improper denial of a GWCL. The statute provides to the eligible applicant, as an additional potential avenue for relief, the option of requesting a hearing before the probate judge of the court that has denied an application based on the applicant's lack of fitness to be issued a GWCL. Consequently, Bordeaux's argument that Hise was not authorized to bring his mandamus action until he had requested a hearing before Bordeaux is without merit.

Bordeaux has correctly concluded that mandamus can only compel an official to performance of a duty and cannot mandate the outcome. Hise's claim was that Bordeaux improperly performed his duty by failing to issue the license when he did not have information that Hise was ineligible to receive it. OCGA § 9-6-20 states, "All official duties should be faithfully performed, and whenever, from any cause, a defect of legal justice would ensue from a failure to perform or from improper performance, the writ of mandamus may issue to compel a due performance[.]" Due performance in the present case is the issuance of a GWCL to Hise, not merely a continuing consideration or a reconsideration of Hise's application.

Moreover, we are equally unpersuaded by Bordeaux's argument that Hise was required to file his mandamus action directly with the appellate courts. OCGA § 16-

5

11-129 (a) states that a judge of the probate court "shall, on application under oath, on payment of a fee of $30.00, and on investigation of the applicant . . . , issue a weapons carry license[.]" And when an applicant's application is denied, "the applicant may bring an action in mandamus or other legal proceeding in order to obtain such license." OCGA § 16-11-129 (j). While the Georgia Constitution provides that "only the superior and appellate courts shall have the power to issue process in the nature of mandamus . . . [t]his provision is merely enabling, not mandatory." *Graham v. Cavender*, 252 Ga. 123, 123 (311 SE2d 832) (1984) (citation and punctuation omitted). See also *Byrd v. Robinson*, 349 Ga. App. 19, 20 (825 SE2d 424) (2019) ("The procedure to be followed before seeking to invoke [the appellate court's] original jurisdiction (the need for which is extremely rare) is to file such petition in the appropriate lower court."(citation omitted)); *Gay v. Owens*, 292 Ga. 480, 482-483 (2) (738 SE2d 614) (2013) (petition for writ of mandamus must be filed initially in superior court and not appellate courts when none of the "extremely rare" instances in which an appellate court's original jurisdiction is invoked). Thus, Hise's filing a mandamus action in the superior court was a proper avenue to appeal the probate judge's decision to deny his application.

*Judgment affirmed. Doyle, P. J., and Markle, J., concur.*

6