# Court of Appeals
# of the State of Georgia

ATLANTA,  March 10, 2021

*The Court of Appeals hereby passes the following order:*

## A21A0956. ARTHUR LAWTON CLARK v. SARAH F. WALL, CHIEF JUDGE, DODGE COUNTY SUPERIOR COURT.

Arthur Lawton Clark was convicted of felony murder, and the Supreme Court affirmed his conviction on appeal. See *Clark v. State*, 306 Ga. 367 (829 SE2d 306) (2019). He allegedly filed an extraordinary motion for new trial in the superior court. According to Clark, the superior court did not rule on that motion within 30 days as required by OCGA § 15-6-21 (a). Clark thus filed this original mandamus petition.[1] Clark apparently seeks an order of this Court to compel the lower court to rule on the pending motion.

"Generally, the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, . . . and hence the need to resort to the appellate courts for such relief by petition filed in the appellate courts will be extremely rare." *Brown v. Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983). Rather,

---

[1] The Supreme Court has exclusive appellate jurisdiction over the underlying felony murder case. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (8); *Neal v. State*, 290 Ga. 563, 572 (722 SE2d 765) (2012) (Hunstein, C. J., concurring); see also *State v. Thornton*, 253 Ga. 524, 524 (1) (322 SE2d 711) (1984) (directing this Court to transfer to the Supreme Court "all cases in which either a sentence of death or of life imprisonment has been imposed upon conviction of murder"). But Clark's original mandamus petition filed in this Court is a separate civil action. See, e. g., *Jones v. Townsend*, 267 Ga. 489, 489 (480 SE2d 24) (1997) (prisoner appealing an order in a mandamus action required to comply with the Prison Litigation Reform Act, which pertains to civil litigation). Thus, the Supreme Court's exclusive jurisdiction is not implicated.

the procedure to be followed before seeking to invoke this Court's original mandamus jurisdiction is to file the petition in the appropriate lower court first. See *Graham v. Cavender*, 252 Ga. 123, 123 (311 SE2d 832) (1984); *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 455 (2) (b) (699 SE2d 600) (2010) ("Except in the rarest of cases, litigants seeking to invoke this Court's original jurisdiction . . . must first petition the superior court for such relief."). Here, the record contains no indication that Clark has obtained a ruling in the superior court on the claims in his mandamus petition. This is thus not one of the extremely rare instances in which this Court will exercise original mandamus jurisdiction. See *Gay v. Owens*, 292 Ga. 480, 482-483 (2) (738 SE2d 614) (2013). Accordingly, this petition for writ of mandamus is hereby DISMISSED.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,__03/10/2021_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.