# Court of Appeals
# of the State of Georgia

ATLANTA,  September 21, 2021

*The Court of Appeals hereby passes the following order:*

**A22A0162. AUBREY SANDERS v. JEFFREY L. FOSTER et al.**

After a jury trial, Aubrey Sanders was convicted of aggravated sexual battery, six counts of child molestation, six counts of sexual exploitation of a child, enticing a child for indecent purposes, and rape. Sanders was sentenced to two life sentences, plus 120 years. In an unpublished opinion, we affirmed his convictions on appeal. See Case No. A18A0411, affirmed June 13, 2018. Sanders has since filed this original mandamus petition, in which he appears to be asking this Court to compel the judges from the Newton County Superior Court and the clerk of that court to quash his indictment and release him from prison based on his alleged innocence, procedural errors in the court below, and ineffective assistance of counsel. However, we lack jurisdiction to consider this petition.

"Generally, the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, . . . and hence the need to resort to the appellate courts for such relief by petition filed in the appellate courts will be extremely rare." *Brown v. Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983). Rather, the procedure to be followed before seeking to invoke this Court's original mandamus jurisdiction is to file the petition in the appropriate lower court first. See *Graham v. Cavender*, 252 Ga. 123, 123 (311 SE2d 832) (1984); *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 455 (2) (b) (699 SE2d 600) (2010) ("Except in the rarest of cases, litigants seeking to invoke this Court's original jurisdiction . . . must first petition the superior court for such relief."). Here, the record does not establish that Sanders has obtained a ruling in the superior court on the claims asserted in his mandamus petition. Moreover, "[m]andamus is a remedy designed to compel the

doing of ministerial acts." *Saleem v. Forrester*, 262 Ga. 693, 693 (424 SE2d 623) (1993). Sanders's petition does not clearly set forth the ministerial acts that he wants this court to compel. In sum, this is not one of the extremely rare instances in which this Court will exercise original mandamus jurisdiction. See *Gay v. Owens*, 292 Ga. 480, 482-483 (2) (738 SE2d 614) (2013). Accordingly, this petition for writ of mandamus is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta, 09/21/2021*

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*